```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION
```

DE-ERIC COOPER,                       §
                                      §
            Plaintiff,                §
                                      §  Civil Action No. 3:22-CV-1011-D
VS.                                   §
                                      §
CREDIT MANAGEMENT, LP, et al.,        §
                                      §
            Defendants.               §

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff De-Eric Cooper ("Cooper") under 15 U.S.C. § 1692e(8), a provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, defendants Credit Management, LP ("CMLP"), Nationwide Recovery Systems, Ltd. ("NRS"), The Law Offices of Mitchell D. Bluhm & Associates, LLC[1] ("MBA"), and Credit Systems International, Inc. ("CSII") move under Fed. R. Civ. P. 12(b)(1) to dismiss for lack of Article III standing and under Rule 12(c) for judgment on the pleadings.[2]  For the reasons that follow, the court grants the motion but also grants Cooper leave to replead.

---

[1] MBA maintains in its notice of joinder that it is improperly identified in the complaint as "MBA-LAW."

[2] Defendant CSII filed its motion to dismiss and for judgment on the pleadings on July 22, 2022.  Defendant MBA filed a notice of joinder in CSII's motion on August 17, 2022, and defendants NRS and CMLP filed notices of joinder in CSII's motion on August 26, 2022.

I

Cooper asserts a single claim against all four defendants, alleging that they violated 15 U.S.C. § 1692e(8) when they failed to disclose to consumer reporting agencies that various debts reflected on the credit report of Michael Egans ("Egans"), a non-party, were disputed. Cooper does not allege that he has himself been injured by the defendants' conduct; he pleads that he "has been assigned 100 percent of these claim(s) . . . from [Egans]." Compl. ¶ 3.

Defendants move to dismiss under Rule 12(b)(1), contending that because Cooper has not suffered an injury-in-fact, he lacks Article III standing. They also move for judgment on the pleadings under Rule 12(c) on the ground that Egans' FDCPA claim is not assignable. Cooper has not responded to defendants' motion, and the deadline for doing so has passed.[3] The motion is now ripe for decision.

II

The court first addresses whether Cooper has standing.[4]

A

The standing doctrine addresses the question of who may properly bring suit in federal court, and "is an essential and unchanging part of the case-or-controversy requirement of

---

[3]Cooper's response to defendant CSII's motion was due on August 12, 2022.

[4]The court must address defendants' jurisdictional challenge to constitutional standing before moving to the merits. *See Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 799 (5th Cir. 2012).

Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish constitutional standing, a plaintiff must demonstrate that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan*, 504 U.S. at 560-61).

B

Defendants maintain that Cooper lacks Article III standing because he has failed to allege any harm that he *personally* suffered as a result of defendants' conduct and he admits in his complaint that any harm was suffered by Egans, not by him. Defendants contend that because Cooper has not suffered an injury-in-fact, he does not meet the requirements to establish Article III standing.

Although Cooper does not allege that he suffered an injury-in-fact as a result of defendants' conduct and brings this lawsuit as the purported assignee of Egans, it is well settled that "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000); *see also Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 286 (2008) ("[W]e have expressly held that an assignee can sue based on his assignor's injuries." (citation omitted)); *Guarantee Co. of N. Am. USA v. LKT & Assocs., LLC*, 2022 WL 954336, at *1 (N.D. Tex. Mar. 30, 2022) (Kinkeade, J.) (denying motion to dismiss for lack of standing where plaintiff "sufficiently alleged that it brings this suit as assignee of non-party . . . pursuant to a valid assignment." (citation omitted)). Defendants do not contend that Cooper's complaint fails

to adequately plead that *Egans*, the assignor, suffered an injury in fact. Accordingly, because Cooper alleges that he "has been assigned 100 percent of [Egans'] claim[s]," the court denies defendants' motion to dismiss to the extent it is based on an alleged lack of standing. *See, e.g., Guarantee Co. of N. Am. USA*, 2022 WL 954336, at *1.

### III

The court now turns to defendant's argument, apparently made under Rule 12(c),[5] that Egans' FDCPA claim was not assignable to Cooper.

### A

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted) (internal quotation marks omitted)).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light

---

[5]Defendants do not clearly distinguish between their grounds for dismissal brought under Rule 12(b)(1) and Rule 12(c). Because they seek relief under both rules, and because they separate their Article III standing arguments from their arguments regarding assignability, the court assumes that defendants intend seek dismissal under Rule 12(c) based on the premise that Egans' FDCPA claim is not assignable.

- 4 -

most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a motions to dismiss, Cooper must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

B

Defendants contend that the question whether Egans' FDCPA claim is assignable is determined by state law (here, Texas) and that, under Texas law, the claim is not assignable. In a case involving this same plaintiff, Judge Kinkeade recently agreed with this position in the context of analyzing whether Cooper had standing. *See Cooper v. Nat'l Credit Adjusters,*

*LLC*, 2022 WL 17656316, at *3-4 (N.D. Tex. Nov. 28, 2022) (Ramirez, J.), *rec. adopted*, 2022 WL 17631533 (N.D. Tex. Dec. 13, 2022) (Kinkeade, J.). He held that Cooper lacked standing because, under Texas law, the purported assignment to Cooper of a third party's FDCPA claim was invalid. *Id.* at *4.

The court is aware of other decisions that persuasively reason that where a claim for relief is created by a federal statute, federal law governs the assignability of the claim,[6] and that the question whether federal law permits FDCPA claims to be assigned is unsettled.[7]

---

[6]It is well settled that "[w]here a claim for relief is created by a federal statute, federal law governs the assignability of the claim." *In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Secs. Litig.*, 636 F. Supp. 1138, 1152 (C.D. Cal. 1986); *see also Bluebird Partners, L.P. v. First Fid. Bank, N.A. N.J.*, 85 F.3d 970, 973 (2d Cir. 1996) ("The federal courts have consistently determined that federal law governs the assignability of claims under the federal securities laws." (citing cases)); *In re Fine Paper Litig. State of Wash.*, 632 F.2d 1081, 1090 (3d Cir. 1980) ("[T]he status of assignments under the Sherman and Clayton Acts is a matter of federal law."); *DNAML Pty, Ltd. v. Apple Inc.*, 2015 WL 9077075, at *3 (S.D.N.Y. Dec. 16, 2015) ("Whether a federal antitrust claim may be assigned is itself a matter of federal law. In the words of the Hon. John Gibbons, 'it would be intolerable to permit the states to determine the transferability and thus the value, of interests created by federal law.'" (citation omitted)); *In re Preston Trucking Co.*, 392 B.R. 623, 630 (D. Md. 2008) ("[B]ecause the WARN Act is a federal statute, the assignability of claims brought under it is governed by federal law."); *APCC Servs., Inc. v. AT&T Corp.*, 281 F.Supp.2d 41, 50 (D.D.C. 2003) (rejecting argument that plaintiffs' Federal Communications Act claims are not assignable under Virginia law "because plaintiffs' claims are based on violations of federal law, and it is well settled that '[w]here a claim for relief is created by federal statute, federal law governs the assignability of the claim.'" (alteration in original) (citation omitted)); *In re Dozier Fin., Inc.*, 587 B.R. 637, 654 n.14 (Bankr. D.S.C. 2018) ("[T]he Court looks to federal law for any limitations on the assignability of federal claims.").

[7]Defendants have not cited, and the court has not located on its own, any case that addresses the assignability *under federal law* of an FDCPA claim. The statute, itself, is silent on the issue. Although there are features of an FDCPA claim that may distinguish it from the federal statutory claims that courts have held *are* assignable, defendants do not present any such arguments in support of their motion.

- 6 -

The court also recognizes that decisions by other judges of this court are not binding as the "law of the district." Nevertheless, the undersigned "invariably gives serious and respectful consideration to the decisions of other judges of this court on questions of law—and typically follows them because they are usually correct and because predictability in such matters is desirable." *SEC v. Cuban*, 798 F.Supp.2d 783, 788 (N.D. Tex. 2011) (Fitzwater, C.J.). Were the court in the instant case to reach a contrary result to the one Judge Kinkeade recently reached, Cooper would be entitled to proceed here when he was not permitted to proceed under almost identical circumstances before another judge of the same court. The court therefore concludes that it should not make an inconsistent ruling, at least until there is a binding decision of the Fifth Circuit or clearer guidance is found in decisions of other district judges of this or other courts.[8]

IV

Although it is not apparent that Cooper can plead a claim that can withstand dismissal, the court will permit him to replead because he is proceeding *pro se*. *See, e.g.*, *Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb.13, 2008) (Fitzwater, C.J.) (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D, slip op. at 7 (N.D. Tex. Sept. 13, 1988) (Fitzwater, J.)). Cooper must file his first amended complaint within 28 days of the date this memorandum opinion and order is filed. If he fails to amend, the court will dismiss this case based on today's decision.

---

[8]Notably, because Cooper has not responded to defendants' motions, the court lacks the benefit of briefing from the party in whose interest it is to refute defendants' arguments.

\*   \*   \*

For the reasons explained, the court grants defendant CSII's motion under Rules 12(b)(1) and 12(c), which the other defendants have joined, and also grants Cooper leave to replead.[9]

**SO ORDERED**.

December 29, 2022.

                                                                  SIDNEY A. FITZWATER
                                                                   SENIOR JUDGE

---

[9]On December 27, 2022 the parties filed a joint motion to stay discovery and continue case deadlines pending a ruling on the motion to dismiss. Because the court has now decided defendants' motions, it denies the parties' motion without prejudice.